12-1688
Lelcaj v. Holder

BIA
A078 726 552
A078 726 553

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand thirteen.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

GJELOSH LELCAJ, ANA LELCAJ,
> *Petitioners,*

v.                                          12-1688
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:      Michael P. DiRaimondo, DiRaimondo & Masi, LLP, Melville, NY.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Gjelosh and Ana Lelcaj, husband and wife and natives and citizens of Albania, seek review of a March 29, 2012, decision of the BIA denying their motion to reopen their removal proceedings. *In re Gjelosh Lelcaj, Ana Lelcaj*, Nos. A078 726 552/553 (B.I.A. Mar. 25, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Petitioners' third motion to reopen, filed in 2011, was untimely and number-barred because their orders of removal became final in 2002. *See* 8 U.S.C. § 1101(a)(47)(B)(i).

Petitioners contend, however, that the birth of their U.S.-citizen daughter and an increase in the kidnapping of young women for forced prostitution in Albania constitute materially changed country conditions excusing their motion from the applicable time and numerical limitations.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3).

Initially, we note that Petitioners do not challenge the BIA's finding that their motion did not comply with the governing regulatory requirements, and they have therefore waived review of that dispositive determination.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that issues not argued in briefs are deemed waived).  Indeed, Petitioners did not support their motion to reopen with an updated application for asylum, withholding of removal, and relief under the Convention Against Torture, despite 8 C.F.R. § 1003.2(c)(1)'s requirement that a "motion to reopen proceedings for the purpose of submitting an application for relief *must be* accompanied by the appropriate application for relief and all supporting documentation."  (emphasis added).  Because Petitioners have declined to challenge this dispositive finding, we do not consider their remaining

3

arguments, which relate to the BIA's treatment of their country conditions evidence. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We do, however, note that Petitioners previously moved for reopening on the basis of the purported increase in kidnappings of young women for forced prostitution in Albania, which the BIA found to reflect a continuation rather than a material change in country conditions——a finding that we previously affirmed on appeal.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4